IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY TEER                                                                              PLAINTIFF

vs.                                         Civil No. 4:22-cv-04038

COMMISSIONER, SOCIAL                                                        DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Billy Teer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff filed his disability application on January 6, 2019. (Tr. 21). In this application, Plaintiff alleges being disabled due to neck surgery and back surgery. (Tr. 400). Plaintiff alleges an onset date of November 10, 2017. (Tr. 21). This application was denied initially on July 1, 2019, and it was denied again upon reconsideration on January 3, 2020. (Tr. 21). Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 232-264).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff's administrative hearing was held on January 11, 2021 in Texarkana, Arkansas. (Tr. 232-264). At this hearing, Plaintiff and Vocational Expert ("VE") Wilford Roux testified. *Id.* During this hearing, Plaintiff testified he was forty-five (45) years old. (Tr. 234). Plaintiff also testified he had a high school education. (Tr. 238).

On February 8, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 18-31). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act on December 31, 2019. (Tr. 23, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from his alleged onset date of November 10, 2017 through his date last insured of December 31, 2019. (Tr. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc diseases of the lumbar and cervical spine, GERD, depression, and anxiety. (Tr. 23-24, Finding 3). Though severe, the ALJ also found those impairments did not amount to an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 24-25, Finding 4).

The ALJ also considered Plaintiff's subjective complaints and assessed Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 25-29, Finding 5). After considering Plaintiff's subjective complaints, the ALJ determined his RFC was as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work1 as defined in 20 CFR 404.1567(b) except he can frequently use either upper extremity to reach, handle, finger and feel; can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work-related decisions; can adapt to few if any workplace changes, and can tolerate only occasional interaction with co-workers, supervisors and the general public.

*Id.*

The ALJ then considered whether Plaintiff retained the capacity to perform his Past Relevant ("PRW") or retained the capacity to perform other work to perform other work existing in significant numbers in the national economy. (Tr. 29, Finding 6; Tr. 30, Finding 10). First, the ALJ considered Plaintiff's PRW and found he did not retain the capacity to perform any of his PRW, which included work as a construction manual laborer and as an oil field worker. (Tr. 29, Finding 6). Second, the ALJ considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 29-30). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon this testimony, the VE testified a hypothetical individual with Plaintiff's RFC and work experience would be able to perform the following three occupations: (1) warehouse cleaner (light, unskilled) with 69,430 such jobs in the nation; (2) dry cleaner (light, unskilled) with 199,330 such jobs in the nation; and (3) mailroom sorter (light, unskilled) with 99,190 such jobs in the nation. (Tr. 30). Because the ALJ found Plaintiff retained the capacity to perform this other work, the ALJ found Plaintiff was not under a disability—as defined in the Social Security Act—at any time from November 10, 2017 (alleged onset date) through December 31, 2019 (date last insured). (Tr. 30, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-5). That request was denied. *Id.* On May 4, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 4, 2022. ECF No. 5. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims this case is not supported by substantial evidence in the record. ECF No. 13 at 1-15. As stated in his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ's physical RFC assessment is not supported by substantial evidence; and (B) the ALJ presented a hypothetical that did not contain all of his limitations. *Id.* In response, Defendant argues there is no basis for reversal. ECF No. 14. This Court will consider Plaintiff's arguments for reversal.

**A. RFC Assessment**

Plaintiff claims he is unable to perform light work, and the ALJ improperly assessed his RFC. ECF No. 13 at 3-11. Upon review, the ALJ considered the medical records from the relevant time period, dated after November 10, 2017. (Tr. 25-29). The findings Plaintiff claims the ALJ improperly disregarded were from Nurse Practitioner Kristie Thomas, APRN:

> Nurse Practitioner Kristie Thomas, APRN, completed an assessment of the claimant's functional capacity in July 2019 (Exhibit 13F). She opined that the claimant could frequently lift ten pounds, could stand for at least two hours, would need to alternate sitting and standing throughout the workday, would have a limited ability to push and pull, could perform various postural activities no more than occasionally, and could frequently reach, handle, and finger.

(Tr. 27). These limitations as found by Ms. Thomas are greater limitations than those found by the ALJ. However, the ALJ fully considered Ms. Thomas's findings and recognized the following:

> Nurse Practitioner Thomas' assessment was not persuasive in determining the restrictions in the residual functional capacity (Exhibit 13F). The claimant did not exhibit problems with walking and standing to indicate he would only be able to stand and walk for up to two hours. He also did not exhibit chronic positive showings on straight leg-raise testing to show that he would need to alternate sitting and standing throughout the workday.

(Tr. 28).

The Court has also considered the ALJ's other findings and Plaintiff's arguments related to the RFC assessment. The Court finds the ALJ's RFC determination is supported by substantial evidence in the record, including records as to Plaintiff's ability to function in the workplace, and the Court finds no basis for reversal on this issue. *See Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001) (recognizing "some medical evidence" must support the ALJ's RFC findings and the ALJ should obtain some medical evidence that addresses the claimant's "ability to function in the workplace").

### B. VE's Hypothetical

Plaintiff claims the ALJ did not include all of his limitations in his hypothetical to the VE. ECF No. 13 at 11-15. With this claim, Plaintiff again questions the ALJ's RFC determination: "This claim should be remanded to address Plaintiff's inability to work in proximity to other workers due to his splenectomy; and address his ability being off task due to the amount of medications he takes on a daily basis." *Id.* at 14. Briefly stated, Plaintiff argues the ALJ did not consider the impact his medications would have on his ability to work on a daily basis and did not consider how his removed spleen would impact his ability to work around others. *Id.*

In the ALJ's decision, the ALJ did consider Plaintiff's medications, including his use of Norco, Soma, and Xanax. (Tr. 26-27). Indeed, in the RFC assessment, the ALJ included these medications in his consideration of Plaintiff's limitations. Based upon the Court's review, Plaintiff has not demonstrated any further limitations than those found by the ALJ. Thus, the Court cannot find a basis for reversal on this issue. Furthermore, and as a final point, although Plaintiff now claims he is disabled or limited due to his removed spleen, he did not even allege this as a disabling impairment. (Tr. 400). Thus, the ALJ was not required to consider this issue, and this Court finds no basis for reversal on this issue.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of February 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE